# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

KIER KEAND'E GARDNER,

        Plaintiff,

v.

STATE OF WASHINGTON,

        Defendant.

NO: 4:19-CV-5148-TOR

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's construed Motion for Reconsideration. ECF No. 18. Plaintiff challenges the Order dismissing this action on September 9, 2019, ECF No. 16, which may count as a "strike" under 28 U.S.C. § 1915(g) and may impair Plaintiff's future ability to proceed *in forma pauperis* while a prisoner.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.

ORDER DENYING CONSTRUED MOTION FOR RECONSIDERATION -- 1

1993). Plaintiff seems to concede that a motion under Rule 59(e) would be untimely and seeks relief from judgment under Rule 60(b).

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted).

"A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J.,* 5 F.3d at 1263. Here, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this Court re-examining the issue. Thus, the only remaining

question is whether the Court should alter its prior ruling in order to correct a clear error or prevent manifest injustice. *Smith*, 727 F.3d at 955. Plaintiff, however, has failed to demonstrate either a clear error of manifest injustice.

Plaintiff asserts mistake and excusable neglect. ECF No. 18 at 9. He contends that his underlying claim is meritorious but was simply presented under the wrong Amendment. *Id.* He claims this Court improperly construed his initial "petition" in this action as a civil rights complaint under 42 U.S.C. § 1983, and that he should have been granted the opportunity to bring his claim under the Fourteenth Amendment. *Id.* at 5, 9.

Based on the assertions made in Plaintiff's initial submission, the Court presumed that Plaintiff was seeking a legal name change which did not state a claim upon which this Court could grant relief. ECF No. 11. Plaintiff now asserts that his petition was not regarding a name change. ECF No. 18 at 10. Rather, Plaintiff was asserting a "deprivation of [his] property interest in the use of his given names without due process of law, as well as deprivation of [his] life interest reflected in his middle name as such name is the name (word) of [Plaintiff] which reflects [his] state of existence as a living individual and his liberty interest in the use of his given names, middle name, and first name, without due process of law." *Id.*

Plaintiff summarizes his "mistakes" as bringing his claim under the Thirteenth Amendment instead of the Fourteenth Amendment; assuming the Court would

1 realize his petition should not have been construed as a § 1983 complaint; and
2 forgetting to alert the Court that he did not receive a form Motion to Voluntarily
3 Dismiss before he was taken to the Intensive Management Unit and not released
4 until after the deadline. *Id.* at 11. Plaintiff claims the Court's "mistakes" included
5 construing his submission as a § 1983 complaint; failing to give him leave to amend
6 because his "petition clearly reflected Fourteenth Amendment Due Process
7 violations"; failing to provide the form Motion to Voluntarily Dismiss; assuming the
8 petition was regarding a name change; and believing that Plaintiff's last name is
9 Gardner. *Id.* at 11-12.

Section 1983 "merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002) (quoting § 1983). "[O]ne cannot go into court and claim a violation of § 1983 - for § 1983 by itself does not protect anyone against anything." *Id.* (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)) (internal quotation marks omitted). Plaintiff has indicated that he was attempting to enforce rights secured either under the Thirteenth or Fourteenth Amendments of the United States Constitution. ECF No. 18 at 11. Therefore, it was proper for this Court to construe his initial submission as a complaint brought pursuant to 42 U.S.C. § 1983.

Even if properly presented, Plaintiff's assertions do not support a viable Fourteenth Amendment claim upon which this Court could grant relief. There is simply no protectible property interest in being called by the name one wishes. Plaintiff makes no allegation that his name has been legally changed.

Plaintiff insists that he should have been granted the opportunity to amend his complaint and makes no assertion that he would have utilized the form Motion to Voluntarily Dismiss even if it had been provided. In any event, no amendment would cure the deficiencies of Plaintiff's complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Finally, Plaintiff states that he "is not trying to reopen the case, but is only seeking to have the strike against him stricken, and minor corrections made in the orders and judgment so as to reflect the fact of the petition accurately and in truth." ECF No. 18 at13. In the absence of new evidence, a change in the controlling law, or clear error, the Court declines to reconsider the previous Order, ECF No. 16.

Accordingly, **IT IS ORDERED** that Plaintiff's construed Motion for Reconsideration, ECF No. 18, is **DENIED.**

//

//

//

//

//

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order and provide a copy to Plaintiff. The case shall remain **CLOSED.** The Court certifies that any appeal of this decision would not be taken in good faith.

**DATED** March 5, 2020.

                                     THOMAS O. RICE
                          Chief United States District Judge